IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
CASSIA ENRIGHT, a Minor and     : CIVIL ACTION
DONALD ENRIGHT and SANDRA       :
ENRIGHT, as Parents and         :
Guardians of CASSIA ENRIGHT     : NO. 04-CV-1653
and DONALD and SANDRA ENRIGHT   :
in their own right              :
                                :
        vs.                     :
                                :
SPRINGFIELD SCHOOL DISTRICT     :
and DR. JOSEPH O'BRIEN,         :
SUPERINTENDENT, SPRINGFIELD     :
SCHOOL DISTRICT                 :
                                :
        vs.                     :
                                :
J.W. and T.P. a Minor in his    :
own right and by and through    :
his Parents and Guardians       :
J.P. and W.P.                   :
```

**MEMORANDUM AND ORDER**

**JOYNER, J.**                                              **March 13, 2008**

This case is once again before the Court upon Plaintiffs' Motion for Attorney Fees and Costs. As the Clerk of Court has already issued a ruling with respect to the plaintiffs' requested costs, this Memorandum shall address only their request for attorney fees pursuant to 42 U.S.C. §1988.

**Factual Background**

This civil action was instituted nearly four years ago to redress civil rights violations suffered by the minor plaintiff as the result of an incident which occurred on April 22, 2002 on

a school bus owned and operated by the defendant, Springfield School District.  The case was tried to a jury before the undersigned over the course of six days, between November 27th and December 5th, 2006, resulting in a verdict in favor of the plaintiffs and against the defendant School District in the sum of $400,000 and in favor of the School District on its claims for indemnity from J.W. and T.P. in the amount of $1.00 each.[1]  Springfield School District filed post-trial motions for directed verdict and/or for new trial, which were denied via our Memorandum and Order of December 27, 2007.  Plaintiffs now seek some $240,752 in counsel fees for the services of three attorneys pursuant to 42 U.S.C. §1988.

## Discussion

In pertinent part, 42 U.S.C. §1988(b) provides:

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985 and 1986 of this title... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs ...

"To be considered a prevailing party within the meaning of §1988, the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant."  Tenafly Eruv Association, Inc. v. Borough of Tenafly, No. 01-3301, 195 Fed. Appx. 93, 96, 2006 U.S. App. LEXIS

---

[1] Up until the close of the plaintiff's case when this Court granted his motion for dismissal, Springfield's School Superintendent, Dr. Joseph O'Brien was also a defendant in this action.

22671 at *4 (3d Cir. Sept. 1, 2006) quoting Texas State Teachers Association v. Garland Independent School District, 489 U.S. 782, 792, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989). See Also, Sole v. Wyner, 127 S.Ct. 2188, 2194, 167 L.Ed.2d 1069 (2007)(also quoting Texas State supra., for proposition that "[t]he touchstone of the prevailing party inquiry is the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute.")  A prevailing party has also been said to be one that "achieved some of the benefit sought by the party." Id., quoting Public Interest Research Group of New Jersey, Inc. v. Windall, 51 F.3d 1179, 1185 (3d Cir. 1995).

A prevailing party, however, is not automatically entitled to compensation for all the time its attorneys spent working the case. Interfaith Community Organization v. Honeywell, 426 F.3d 694, 711 (3d Cir. 2005). The party seeking attorneys' fees has the burden to prove that its request is reasonable; to meet this burden, that party must submit evidence to support the hours and billing rates it claims. Potence v. Hazleton Area School District, 357 F.3d 366, 374 (3d cir. 2004), citing Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). A reasonable hourly rate multiplied by a reasonable number of hours expended - the lodestar - is the presumptively reasonable fee. Planned Parenthood v. Attorney General of State of New Jersey, 297 F.3d 253, 265, f.5 (3d Cir. 2002), citing Hensley v. Eckerhart, 461

U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) and Loughner v. University of Pittsburgh, 260 F.3d 173, 177 (3d Cir. 1995). A reasonable rate is the prevailing market rate in the relevant community. Id. An attorney's usual billing rate is a good starting point for assessing reasonableness, though it is not dispositive. Maldonado v. Houstoun, 256 F.3d 181, 184-185 (3d Cir. 2001).

It should be noted that a court may not reduce an award *sua sponte*; rather it can only do so in response to specific objections made by the opposing party. Once such objections have been registered, it is then incumbent upon the court awarding fees to decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant or otherwise unnecessary. Interfaith Community, supra., citing PIRG, 51 F.3d at 1188 and Bell v. United Princeton Properties, Inc., 884 F.2d 713, 719 (3d Cir. 1989). Thus, "it is necessary that the Court go line by line through the billing records supporting the fee request." Evans v. Port Authority of New York and New Jersey, 273 F.3d 346, 362 (3d Cir. 2001).

In this case, the plaintiffs' attorneys, Andrew Erba, Gerald Williams, and Sherri Eyer seek counsel fees in the total amount of $240,752 on the basis of hourly rates of $400, $400 and $275, respectively. Although the defendant does not challenge the

4

fairness and reasonableness of the hourly rates charged, it does object to a number of the individual entries as excessive, redundant and/or otherwise unnecessary.

Defendant first takes issue with what it alleges are the "inordinate amount of interoffice conferences" which attorney Gerald Williams had with co-counsel Andrew Erba and Sherri Eyer. Indeed, our review of Mr. Williams' billing records indicate that with very few exceptions, this is *all* that Mr. Williams did with respect to his firm's representations of the Enrights and that these conferences consumed some 18 hours of the 36.05 hours charged for his time in this matter.  Again, with very few exceptions, no detail whatsoever is given as to the nature of these conferences, why they were necessary, or the matters discussed.

The Third Circuit has long required that attorneys seeking compensation document the hours for which payment is sought with sufficient specificity to allow the district court to determine if the hours claimed are unreasonable for the work performed. Washington v. Philadelphia County Court of Common Pleas, 89 F.3d 1031, 1037 (3d Cir. 1996) citing Keenan v. City of Philadelphia, 983 F.2d 459, 472 (3d Cir. 1992).  Where the documentation of hours is inadequate, the district court may reduce the award accordingly.  Id., citing Hensley, 461 U.S. at 433.  Accepting the affidavit testimony of all three counsel, Mr. Erba and Ms.

Eyer are both well-experienced litigators with substantial practice backgrounds in the area of civil rights. While we acknowledge the benefits of discussing legal issues and case strategies with several different counsel, we nevertheless believe that a total of five hours should have been more than sufficient to accomplish this objective with Mr. Williams' assistance. We shall therefore reduce the time charged by Mr. Williams for conferences with his co-counsel accordingly.

   Defendant next objects to the 46.9 hours charged by Plaintiffs' three lawyers to prepare Plaintiffs' Response to Defendant's Summary Judgment Motion and the 68.5 cumulative hours expended in preparation of Plaintiffs' Response to Defendant's Post-Trial Motion. In contrast, Defendant argues, its attorneys spent 20.7 cumulative hours drafting the summary judgment motion and 32.8 hours preparing the motions for post-trial relief. In reviewing the plaintiffs' attorneys' time records, it appears that Mr. Erba spent 45.4 hours or more than five full days in preparation of the response to the defendant's motion for summary judgment. Mr. Williams thereafter expended another hour and a half in reviewing and revising the response. While the plaintiffs' response was certainly voluminous, well-researched and well-written, we note that at least the first 25 or so pages was a recitation of the facts and the general principles to be applied to all summary judgment motions. We thus agree with the

defendant that the expenditure of 46.9 hours is somewhat excessive and unnecessary.  Because we believe that 35 hours should have been more than sufficient to accomplish the task at hand, we shall compensate the plaintiffs for this amount of time instead.

Similarly, our review of the Defendant's post-trial motions and the plaintiffs' response leads us to believe that, although the response was also very thorough, well-researched and well-drafted, the cumulative expenditure of 68.5 hours is excessive, particularly given that counsel had to have previously conducted much of the legal research and analysis in preparation for (1) the complaint, (2) responses to summary judgment motions, (3) pre-trial/trial memoranda and (4) trial.  Certainly, 45 hours should have been more than adequate to prepare the plaintiffs' response to the defendant's post-trial motions and it is for this number of hours that we will direct that plaintiffs' counsel be compensated.

Defendant next excepts to the charging of 6.7 hours by Messrs. Erba and Williams for the drafting and revising of the complaint, which was filed on April 15, 2004 and to Ms. Eyer's charge of .8 hours to review the complaint on May 7, 2004.  In so doing, the District argues only that "[t]his time should not be included in the calculation of the lodestar as it is redundant and otherwise unnecessary."  Although we do find 6.7 hours to be

a little on the high side for the preparation of the complaint in this action, we cannot definitively conclude that it was redundant or unnecessary, without having anything more before us than the defendant's bald assertion to that effect.  We do agree with the defendant that the charging of .8 of an hour to review the complaint is an unnecessarily excessive charge, particularly given that it does not appear that her review was in preparation to the performance of any other tasks on the file at that time.  Giving her the benefit of the doubt that her review was for a legitimate reason, we note that the complaint was only some 25 pages in length and did not involve a particularly complex fact pattern.  We therefore believe that .3 hours should have been sufficient to complete this review.

   Defendant also submits that the charging by Ms. Eyer of 13.5 hours of preparation time for the depositions of Richard Barnswell, Patty Campbell, Harry Sheldrake, Phil Dinardo, Beverly Friel and Rose Sminkey on April 20 and 21, 2005 was excessive and redundant given that they were all bus drivers for the District and that they should have been asked essentially the same questions.  While it is true that each of these individuals was either a current or former Springfield School District bus driver, each of them had unique facts about which they were expected to and did, testify.  Indeed, Mr. Barnswell was the bus driver who usually drove Cassia and the boys at issue to and from

their respective schools and who had knowledge of how the children typically interacted and who testified as to why he made every effort to keep Cassia separated from the older students he transported.  Ms. Campbell was the bus driver who had suffered several insults and outbursts from J.W. and thus her testimony was unique in that regard.  Likewise, Mr. Dinardo was the bus driver on duty on the day of the incident and was thus a very important witness in the plaintiffs' case, for whom extra preparation time would be reasonably expected.  Finally, Mr. Sheldrake was the driver who had responsibility and knowledge about the placement of the video cameras in the buses and the school district's policy as to which buses had the cameras in them and what happened to the tapes after the buses returned from their daily runs.  Thus, we do not find it unusual that different and greater amounts of preparation time would be charged by Plaintiffs' counsel for the depositions of each of these witnesses.  We thus find no reason to disturb the 13.5 hours charged for these tasks.

   The District next disagrees with Ms. Eyer's charges for reviewing the depositions of numerous witnesses and preparing digests of those depositions.  Specifically, the defendant first references the depositions of Cassia Enright and the aforementioned bus drivers as taking a cumulative total of 9.8 hours to take but a combined total of 19.7 hours to summarize.

Again, while we do not find it unusual to take longer to digest a deposition than to actually take it, we would agree that 19.7 hours is somewhat excessive.  As we believe that 15 hours is a more reasonable figure, we shall direct that the plaintiffs be compensated for this amount of Ms. Eyer's time for deposition digests.

In addition, Defendant further objects to the charging of 4.5 hours to view the videotape deposition of Dr. Naser and 3.5 hours for reviewing the videotape of the bus ride on the day of the incident.  In so objecting, the District submits that the videotape of the bus ride, although two hours in length, consisted of only 2-3 minutes of relevant footage and that the deposition of Dr. Naser took only (according to the time charged by Mr. Erba who took the deposition) 2.5 hours.  These points are also well-taken.  We shall therefore limit Ms. Eyer's time to 2.5 hours for reviewing the Dr. Naser deposition and to 2.5 hours for viewing of the videotaped bus ride.

The District also asks that this Court disallow in its entirety the one hour of time charged by Mr. Williams to attend the trial of this matter on November 28, 2007.  We agree with the District on this point as well.  Mr. Williams did not participate in the trial in any way and there is nothing to suggest that he was in attendance that day for any reason other than to satisfy his own curiosity.  While Mr. Williams is

certainly entitled to have his curiosity satisfied, we do not believe he is entitled to be paid $400 for the privilege.

Finally, the defendant takes exception to the charges by Mr. Erba of 9.4 hours for the preparation of voir dire questions and by Messrs. Erba and Williams of 15.9 hours to prepare the fee petition. Defendant urges the Court to reject these charges as excessive and again we are constrained to agree. The voir dire questions submitted were largely of a very general nature asking the types of questions which might be asked at the outset of any trial. The fee petitions, while admittedly lengthy, are not so complex or unusual as to justify nearly two full days of attorney time, particularly when one considers that the process of pulling the billing summaries and compiling them could easily be performed by a secretary or paralegal. For these reasons, we shall reduce the time charged for the voir dire questions by 2/3 and the fee petition by 1/3. A total of 3.2 hours shall be awarded for preparation of the voir dire questions and 10.6 hours for the fee petition.

Based upon all of the foregoing, we shall direct that the defendant pay to the plaintiffs and/or their counsel as follows:

For Gerald Williams, $3,920 for 9.8 hours of attorney time at the rate of $400 per hour.

For Sherri Eyer, $73,315 for 266.6 hours of attorney time at the rate of $275 per hour.

      For Andrew Erba, $132,060 for 330.15 hours of time at the rate of $400 per hour.

      An order follows.

```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| CASSIA ENRIGHT, a Minor and DONALD ENRIGHT and SANDRA ENRIGHT, as Parents and Guardians of CASSIA ENRIGHT and DONALD and SANDRA ENRIGHT in their own right | : CIVIL ACTION<br>:<br>:<br>: NO. 04-CV-1653<br>:<br>: |
| vs. | : |
| SPRINGFIELD SCHOOL DISTRICT and DR. JOSEPH O'BRIEN, SUPERINTENDENT, SPRINGFIELD SCHOOL DISTRICT | :<br>:<br>:<br>: |
| vs. | : |
| J.W. and T.P. a Minor in his own right and by and through his Parents and Guardians J.P. and W.P. | :<br>:<br>:<br>: |

**<u>ORDER</u>**

AND NOW, this 13th day of March, 2008, upon consideration of the Plaintiffs' Motion for Attorney Fees and Costs (as amended) and Defendant's Response thereto, it is hereby ORDERED that the Motion is GRANTED and Defendant is DIRECTED to pay the sum of $209,295 to Plaintiffs and their counsel within thirty days of the entry date of this Order.

BY THE COURT:


s/J. Curtis Joyner

```
                                   J. CURTIS JOYNER,         J.
```